IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILL SANDERS, III, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-07-2366 |
| HARRIS COUNTY CIVIL COURT, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss [Doc. # 12] filed by Defendant Harris County Civil Court. Plaintiff Hill Sanders, III, who is proceeding *pro se*, has not responded.[1]

The details of Sanders' claims are not clear from his Complaint and handwritten submissions. However, on September 14, 2007, Sanders appeared in court for a pretrial conference and explained that he was seeking relief from an adverse state court

---

[1] Sanders has filed several other motions in this case: a Motion for Order to Show Cause [Doc. # 4], a Motion for Revocation of Judgment [Doc. # 8], a Motion captioned on the docket sheet as a Response to Defendant's Motion to Dismiss [Doc. # 13], but which appears to be another motion for relief, a Motion for Relief from Unconstitutional Eviction [Doc. # 14], a Motion to Show Cause as to Relief Sought [Doc. # 15], and Motion for a Restraining Order [Doc. 16]. These motions are **denied as moot**.

In addition, there is a pending Motion for More Definite Statement [Doc. # 6], filed by the County, to which Sanders did respond [Doc. 7]. This motion is also **denied as moot**.

judgment regarding the alleged sale of his home. It became clear that Sanders' sole intent in pursuing this case is to appeal the state court judgment. The Court advised Sanders that he must pursue remedies through the Texas courts. The Court requested that the attorney appearing for Defendant County, F. Clinton Gambill, II, assist Sanders by explaining the process for filing an appeal from the judgment in issue. The Court also explicitly reminded Sanders that he needed to respond to the pending motion by October 2, 2007, if he wished to continue litigating his case in federal court.

On September 17, 2007, the Court received a status report [Doc. # 17] from Sanders and Gambill indicating that Gambill had advised Sanders of his available avenues of relief in state court and of the resources available to him through the Harris County Library and Houston Bar Association. Sanders stated his intent "to request a new trial or appeal the state court judgment no later than September 19, 2007."[2]

Sanders has not filed any response to the Motion. Nevertheless, Sanders' assertions before this Court make it clear that this federal court lacks jurisdiction to hear his claims. A federal district court does "not have the authority to review final state court judgments." *Matter of Reitnauer*, 152 F.3d 341, 343 n.7 (5th Cir. 1998) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)); *see Lance v. Dennis,*

---

[2]   Status Report [Doc. # 17], at ¶ 5.

546 U.S. 459, 463 (2006) ("lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments"). Accordingly, it is

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**, each party to bear its own costs.

SIGNED at Houston, Texas this **4th** day of **October, 2007.**

_____
Nancy F. Atlas
United States District Judge