IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILL SANDERS, III, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-07-2366 |
| HARRIS COUNTY CIVIL COURT, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss [Doc. # 12] filed by Defendant Harris County Civil Court. Plaintiff Hill Sanders, III, proceeding *pro se*, has responded [Doc. # 20] and filed two associated documents [Docs. # 21, # 22].[1]

The legal theories underlying Sanders' claims are not clear from his Complaint [Doc. # 1] and handwritten submissions. However, on September 14, 2007, Sanders appeared in court for a pretrial conference and explained that he was seeking relief

---

[1] Sanders has filed several other motions in this case: "Motion for Order to Show Cause" [Doc. # 4], "Motion for Revocation of Judgment" [Doc. # 8], a document listed on the docket sheet as a "Response to Defendant's Motion to Dismiss" [Doc. # 13], but which appears to be another motion for relief, "Motion for Relief from Unconstitutional Eviction" [Doc. # 14], "Motion to Show Cause as to Relief Sought" [Doc. # 15], and "Motion for a Restraining Order" [Doc. 16]. These motions are **denied as moot**.

In addition, the County filed a pending Motion for More Definite Statement [Doc. # 6], to which Sanders responded [Doc. 7]. This motion is also **denied as moot**.

from an adverse state court judgment regarding the alleged sale of his home. It became clear that Sanders' sole intent in pursuing this case is to appeal the state court judgment. The Court advised Sanders that he must pursue remedies through the Texas courts. The Court requested that the attorney appearing for Defendant County, F. Clinton Gambill, II, assist Sanders by explaining the process for filing an appeal from the judgment in issue. The Court also expressly reminded Sanders that he needed to respond to the pending motion by October 2, 2007, if he wished to continue litigating his case in federal court.

On September 17, 2007, the Court received a status report [Doc. # 17] from Sanders and Gambill indicating that Gambill had advised Sanders of his available avenues of relief in state court and of the resources available to him through the Harris County Library and Houston Bar Association. Sanders stated his intent "to request a new trial or appeal the state court judgment no later than September 19, 2007."[2]

Sanders subsequently filed a response to Defendant's Motion to Dismiss in which he appears to repeat claims alleged in his original complaint and in other documents he has filed in this case.[3]

---

[2]   Status Report [Doc. # 17], at ¶ 5.

[3]   Accompanying Sanders' response are documents titled "Motion of Appeal and Retrial" [Doc. # 21] and a Motion/Application to Proceed In Forma Pauperis [Doc. # 22], each bearing in

Sanders' assertions before this Court make it clear that this federal court lacks jurisdiction to hear his claims. A federal district court does "not have the authority to review final state court judgments." *Matter of Reitnauer*, 152 F.3d 341, 343 n.7 (5th Cir. 1998) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments"). Accordingly, it is

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**, each party to bear its own costs.

SIGNED at Houston, Texas this 18th day of **October, 2007.**

_____
Nancy F. Atlas
United States District Judge

---

the caption "The Civil Court of Harris County Texas." The documents are denoted by Sanders as "copies." The Court surmises that Sanders indeed filed an appeal of the state court judgment.